Richard E. Coon, Jr., and Another, Respondents, *v.* Donald F. Ikeler and Another, Appellants.

Second Department, November 13, 1925.

Contracts — action to compel defendants to sign check for amount deposited in escrow — owner of newspaper agreed to sell and deliver all stock in corporation, execute note for deficiency in collection of accounts, deliver circulation lists and pay damages for any libel — owner covenanted that only outstanding agreements were listed in contract — amount in question was deposited in escrow to secure performance of conditions — subsequently said money was assigned to owner's wife — said amount was not deposited as security for payment of damages for breach of contract — counterclaim against owner cannot be offset against deposit belonging to wife.

In an action to compel the specific performance of an agreement to sign a check against a fund deposited in escrow to secure the performance of the conditions

of a contract made by the owner of a newspaper, a counterclaim by the defendants arising out of a breach of the contract not involving the performance of the conditions precedent, cannot be pleaded as an offset against the money so deposited in escrow, which was directly after the execution of the original agreement assigned to the newspaper owner's wife, where it appears that the original contract of sale obligated the owner of the newspaper to sell and deliver to the defendants all of the stock of the corporation owning the newspaper, to execute a note for any deficiency in the collection of outstanding accounts and to deliver the circulation lists of the paper and satisfaction of a chattel mortgage; that the owner covenanted to pay any damages for libels prior to the date of the transfer and agreed that the only outstanding agreements against the newspaper were those listed.

Under the agreement, the amount deposited in escrow, which was subsequently assigned to the wife of the newspaper owner, was deposited to secure the performance of the conditions stated, that is, the delivery of the stock, the execution of the note, the delivery of the circulation lists and the satisfaction of the chattel mortgage, and not to secure the payment of libel damages or any damages which the defendants might allege under their covenants contained in the contract made between themselves and the newspaper owner.

APPEAL by the defendants, Donald F. Ikeler and another, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 16th day of June, 1925, in so far as it grants, as to the plaintiff Katherine B. Coon, a motion made by the plaintiffs to dismiss the counterclaim and strike out the defense consisting of new matter contained in the answer of the defendants on the ground that it appears on the face of said defense and counterclaim that the counterclaim is not one which may be properly interposed in the action, and on the further ground that the defense consisting of new matter is insufficient in law.

*Emerson F. Davis* [*Daniel S. Murphy* with him on the brief], for the appellants.

*John B. Van De Water*, for the respondents.

MANNING, J.:

The order appealed from granted the relief sought as to the plaintiff Katherine B. Coon only and denied it as to the plaintiff Richard E. Coon, Jr.

The controversy which gives rise to the litigation between these parties was brought about by a sale of the entire capital stock of the Peekskill Star Corporation which was purchased by the defendants from the plaintiff Richard E. Coon, Jr. The particular relief sought by the complaint in this suit is to compel the defendants to specifically perform an agreement to sign a check in favor of Katherine B. Coon against a fund deposited in the Westchester County National Bank, of Peekskill, N. Y., such deposit repre-

senting the balance of the purchase price of the newspaper stock. The foundation of the action is two written agreements. It appears from these agreements that on August 28, 1924, Richard E. Coon, one of the plaintiffs, entered into a contract with the defendants whereby he agreed to sell to the defendants 230 shares of the common stock of the Peekskill Star Corporation for the sum of $7,900, payable as follows: $20 theretofore deposited on August 9, 1924; $1,380 upon the execution of the agreement; $4,000 on August 30, 1924; and $2,500 by depositing said sum in escrow with the Westchester County National Bank as an escrow agent under the terms of the agreement between the parties or their nominees, providing for the payment thereof three months from the date thereof. Under the terms of the first agreement the plaintiff Richard E. Coon, Jr., was to deliver certificates of stock for 230 shares upon the execution thereof and he covenanted in his agreement the amount of certain liabilities which were assumed by the purchaser. He also covenanted that the property was owned free and clear of any indebtedness, and further that in the event of any actions for libel he would defend the same and pay any damages that might accrue thereby for the publication of the Peekskill *Evening Star* prior to August 30, 1924. He also covenanted that the only outstanding agreements to which the Star corporation was a party were certain items set forth in detail in paragraph 11 of the agreement itself.

On August 29, 1924, one day after the agreement had been signed by Richard E. Coon, Jr., and the defendants, the two plaintiffs, Coon and his wife, and the defendants entered into another agreement concerning the $2,500 deposited in escrow. By the terms of this agreement the plaintiff Richard E. Coon, Jr., assigned all his right, title and interest in and to the $2,500 to the plaintiff Katherine B. Coon, and the purpose for which this $2,500 was deposited in escrow is set forth in paragraph 3 of this second agreement. It reads as follows:

"*Third.* In the event that the party of the first part shall duly perform all conditions of said agreement, dated August 28, 1924, *on his part to be performed,* then on the 29th day of November, 1924, or at any time thereafter when the party of the first part shall duly perform all conditions of such agreement, the parties of the second part will join with the party of the third part in drawing a check for said sum with any interest accrued thereon to the order of the party of the third part" (Katherine B. Coon).

The plaintiffs contend that the $2,500 so deposited in escrow became the property of the plaintiff Katherine B. Coon immediately upon the delivery of the stock to the defendants and the delivery

of the note, if any was required, and that the money so deposited was in no way a guaranty or security for damages for a breach of the covenants contained in the agreement as made by the plaintiff Richard E. Coon, Jr. It is admitted by the plaintiffs that as to the plaintiff Richard E. Coon, Jr., the counterclaim and defense consisting of new matter was properly interposed, but they contend that the counterclaim interposed by the defendants herein does not in any way tend to diminish or defeat the recovery by the plaintiff Katherine B. Coon of the $2,500 claimed by her, and that in no event can the defendants' counterclaim be designated as an offset thereto.

It does appear from the record in this case without dispute that on August 28, 1924, the plaintiff Richard E. Coon, Jr., entered into an agreement with the defendants for the sale of the newspaper property referred to, and that Richard E. Coon, Jr., under the terms and provisions of this agreement contracted to sell to the defendants, *first,* all the outstanding stock of the Peekskill Star Corporation; *second,* to deliver 230 shares of this stock to them; *third,* to execute a note for any deficiency in the collection of the outstanding accounts; *fourth,* to deliver the circulation lists of the paper; *fifth,* to pay any damages for libels prior to August 30, 1924; and *sixth,* to deliver a satisfaction of a chattel mortgage upon the property. He also represented and covenanted that the only outstanding agreements to which the Peekskill Star Corporation was a party were certain contracts more particularly set forth in paragraph 11 of said agreement.

An examination of the answer and the counterclaim discloses that no claim or allegation is made by the defendants that Richard E. Coon, Jr., did not fully perform all of the foregoing agreements except the so-called covenant or representation in reference to the alleged outstanding contracts; and so the entire defense and counterclaim is founded upon that alleged violation which is to the effect that there was an outstanding agreement between the Peekskill Star Corporation and one Albert Sayman which provided for the employment by the *Star* of said Sayman for a period of five years.

After the first agreement had been fully made on August 28, 1924, it appears that the parties met the next day and executed the subsequent agreement, which clearly defined the conditions for releasing the $2,500 which was to be deposited in escrow in the Westchester County National Bank; and then, for the first time, the plaintiff Katherine B. Coon appears in the transaction as an assignee of the moneys so deposited. A reading of this latter agreement would indicate that the purpose of the same had reference to the $2,500, and the evident intent of the parties when

making the agreement, and the agreement itself, was that the money should be held on deposit three months to insure the delivery of the stock, the execution of the note, the delivery of the circulation lists and the satisfaction of the mortgage. The defendants, however, contend that this $2,500 was evidently to be held as security for the payment of libel damages or any damages which the defendants might allege under their covenants contained in the contract made between themselves and Richard E. Coon, Jr. The agreement, however, discloses no such intention. Its terms are perfectly plain and I do not find from a reading of it that the deposit mentioned therein is to stand as security for any damages which the defendants might suffer by reason of the default of Richard E. Coon, Jr., under his covenants or warranties, or that any claim against Richard E. Coon, Jr., for a failure thereof could be urged against Mrs. Coon, the assignee of the $2,500 and evidently the holder of the chattel mortgage upon the property. There is nothing in the agreement of August twenty-ninth which provides that the check should be signed in the event that all of the representations in the prior contract should prove to be true. The representation in paragraph 11 of the prior contract is as to an existing fact and is not a covenant to do or perform something in the future. Hence, if such representation was false and fraudulent, the defendants' remedy, if any, is against the maker of the representation and not against Mrs. Coon, who concededly had nothing to do therewith.

As I view the situation, therefore, I reach the conclusion that if the defendants have any cause of action at all for damages, it is one against the plaintiff Richard E. Coon, Jr., for the alleged breach of the covenants contained in his bill of sale of the newspaper property, and the defendants, having relied upon his promise as to these covenants, must look to him for reimbursement. Their attempt to offset their unliquidated claim for alleged damages against the plaintiff Richard E. Coon, Jr., is not, under the state of this record, a proper counterclaim against his wife, and the action of the Special Term in striking out such counterclaim was right.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., RICH and YOUNG, JJ., concur; KAPPER, J., absent and not voting.

Order affirmed, with ten dollars costs and disbursements.